UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark Wasvary, individually and as
the representative of a class of
similarly-situated persons,

      Plaintiff,

v.                            Case No. 15-10750

WB Holdings, LLC, *et al.*,       Sean F. Cox
                                  United States District Court Judge

      Defendants.
_____/

## OPINION & ORDER

This putative class action asserts claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("the TCPA"). There is just one named plaintiff, Mark Wasvary. The matter is currently before the Court on two motions filed by Defendants, that have been briefed by the parties and were heard by the Court on August 20, 2015.

First, Defendants filed a motion asking this Court to strike or deny Plaintiff's Motion for Class Certification. The Court shall grant that motion and dismiss without prejudice Plaintiff's Motion for Class Certification because, as explained below, there is neither a procedural rule nor any Sixth Circuit authority that allows a party to file an admittedly premature, "placeholder" motion.

Second, Defendants have filed a Motion to Dismiss raising the[1] issue of whether the

---

[1]The motion also raised the issue of whether the Court should dismiss the action because the Complaint does not plausibly allege that the messages were sent via an automated telephone dialing system. At the August 20, 2015 hearing, however, Defense Counsel stated that Defendants were withdrawing that challenge.

Court should enter judgment in favor of the named Plaintiff and dismiss this action under the mootness-by-unaccepted-offer-of-judgment theory.  The Court shall grant this motion because, although the Sixth Circuit's position as to this theory may well be reversed in the near future, by the United States Supreme Court in *Campbell-Ewald Co. v. Gomez*, this Court is currently bound by existing Sixth Circuit authority.

## BACKGROUND

### Plaintiff's Complaint

Plaintiff Mark Wasvary, acting through counsel, filed this putative class action on March 2, 2015.  Wasvary is the only named plaintiff.  The named Defendants, which are all corporate entities, are alleged to "comprise an organization of companies who own and operate several indoor trampoline parks in Michigan under the assumed names 'Airtime Trampoline & Game Park' and 'Michigan Airtime.'" (Compl. at 4).  Plaintiff alleges that Defendants violated the TCPA by sending him unsolicited advertisements, via text messages.  Wasvary alleges that he received four different texts in violation of the TCPA.  He seeks an award of statutory damages and an injunction prohibiting Defendants from violating the TCPA in the future.

The TCPA provides for statutory damages of $500 per violation, or $1,500 per violation if the Court determines the conduct was willful or intentional.  Thus, Wasvary's maximum damages are $2,000 or, if the Court determines the conduct was willful or intentional, $6,000.

### Plaintiff's Motion For Class Certification

On March 2, 2015 – the very same day that Plaintiff filed his complaint in this action – Plaintiff filed a "Motion For Class Certification."  (Docket Entry No. 2).  That "motion" consists of six paragraphs that make conclusory assertions regarding certification of the action.  Contrary

to Local Rule 7.1, the motion is not accompanied by a supporting brief.

Rather, Plaintiff "requests leave to submit a brief and other evidence in support of this motion after obtaining discovery regarding the class elements." (*Id*. at ¶ 4). Plaintiff states that he "will submit a memorandum in support of class certification in due course after the parties pursue and exchange class certification discovery" and states that he "reserves the right to modify the class definition, and propose subclasses (based on text messages sent by different groupings of Defendants) if appropriate, after obtaining information through discovery." (*Id*. at ¶¶ 5-6).

### Relevant Motions Filed By Defendants

The docket reflects that waivers of service were used and returned in this matter, such that Defendants' answers were not due until June 1, 2015. (*See* Docket Entry Nos. 6-9).

On June 1, 2015, Defendants jointly filed an Offer of Judgment, stating that pursuant to Fed. R. Civ. P. 68 they: 1) "make this offer to allow judgment to be taken against them, individually and jointly, in the total amount of Six Thousand Ten Dollars ($6,010.00)," 2) "agree to pay Plaintiff's reasonable costs and attorneys' fees accrued through the date of acceptance, in an amount to be determined by the Court and to which Plaintiff would be entitled should he prevail," and 3) "agree to submit to an injunction prohibiting them from taking part in any activity that violates" the TCPA. (Docket Entry No. 13).

On June 1, 2015, Defendants also filed two joint motions. First, on June 1, 2015, Defendants filed "Defendants' Motion To Dismiss Pursuant To Fed. R. Civ. P. 56 And Fed. R. Civ. P. 12(b)(6), Or In The Alternative, Pursuant To Fed. R. Civ. P. 12(b)(1)" (Docket Entry No. 15). In this motion, Defendants present the following three issues: 1) "Should this action be

dismissed because Plaintiff consented to receive the text messages at issue?"; 2) "Should this action be dismissed because Plaintiff does not plead that the messages were sent via an Automated Telephone Dialing System?"; and 3) "Should this action be dismissed because it was mooted by a Rule 68 Offer of Judgment?"  (*Id*. at ii).  The first issue is a fact-based challenge brought under Fed. R. Civ. P. 56(c) and it is based upon a form that appears to have been signed by Wasvary on which Wasvary gave Defendants his telephone number.  The motion asserts that, under an FCC ruling, Wasvary's giving Defendants his telephone number constitutes consent for purpose of receiving a text under the Act.  The second issue is a legal challenge brought under Fed. R. Civ. P. 12(b)(6) and the third issues is a legal challenge brought under Fed. R. Civ. P. 12(b)(1).

On June 1, 2015, Defendants also jointly filed a Motion to Strike the Motion for Class Certification (Docket Entry No. 16).  In this motion, Defendants challenge Plaintiff's "placeholder" motion and ask the Court to strike it as prematurely filed.  Alternatively, they ask the Court to deny the motion.

On June 3, 2015, Defendant WB Holdings, LLC ("WB Holdings") filed a separate Motion to Dismiss, raising fact-based arguments prior to discovery.  (Docket Entry No. 18).

On June 29, 2015, this Court issued an Order wherein it: 1) denied without prejudice WB Holding's Motion for Summary Judgment because the motion was filed prematurely, prior to discovery necessary for Plaintiff to respond to the motion; 2) Ordered Plaintiff to file a brief responding to all issues raised in the other dispositive motion, with the exception of the fact-based challenge of whether the Plaintiff consented to receive the messages.  The Court indicated that it would hear oral argument as to the Motion to Strike Motion for Class Certification and the

two issues that were properly raised in the joint motion on August 20, 2015.   (Docket Entry No.

25).

## ANALYSIS

### I.     Defendants' Motion To Strike Plaintiff's Motion For Class Certification

In cases involving statutory damages that are small in amount, like TCPA cases,

Defendants often attempt to "pick off" the named plaintiff in a putative class action by making a

Rule 68 offer of judgment that gives the named plaintiff all the relief that he or she would be able

to obtain on their individual claim.

Some courts have ruled that you cannot "pick off" a named plaintiff in a putative class

action if there is a motion for class certification pending.  The Sixth Circuit has not ruled on this

particular issue.  Nevertheless, in order to try to stop the defendant from picking off the named

plaintiff in a TCPA case, plaintiff's counsel sometimes file premature "placeholder" motions

when they file a putative class action under the TCPA, or other statutes with small statutory

damages.  That is what Plaintiff's Counsel have done here.

Plaintiff's Counsel in this case have been quite candid that they are not fully complying

with the local rules and that they are filing a premature motion to try to stop Defendants from

picking off the named plaintiff and getting this case dismissed.  (*See, e.g.* Pl.'s Br. at 12,

acknowledging that the Sixth Circuit has not resolved the question of whether pick-offs are

appropriate or how a Plaintiff may shield itself from being picked off).

Defendants ask the Court to strike or deny Plaintiff's placeholder Motion for Class

Certification as premature.  Defendants direct the Court to three district court cases wherein a

district has dismissed such motions as premature.  *Mey v. N. Am. Bancard, LLC,* 2014 WL

6686773 at * 2 (E.D. Mich. 2014); *Beaudry v. Telecheck Svs., Inc.*, 2010 WL 2901781 at *2

(M.D. Tenn. 2010); and *Minniti v. Eilers*, 302 F.R.D. 655 (S.D. Fla. 2014).  In *Mey,* the district

court dismissed a Motion for Class Certification that, like the one in this case, was filed

simultaneously with the complaint, explaining:

> In this case, Plaintiff filed a motion for class certification simultaneously with her
> Complaint, but prior to serving Defendant and prior to any scheduling conference
> with the Court. Courts have held that the court need not hold in abeyance a class
> certification motion which the plaintiff intentionally filed prematurely. Courts
> typically dismiss premature motions. *See, Beaudry v. Telecheck Serv., Inc.*, 2010
> WL 2901781, at *2 (W.D. Tenn. July 20, 2010). Plaintiff argues that without a
> pending class certification motion on the docket, the defendant, as in this case,
> would be able to frustrate the class-action process by settling with the
> named-plaintiff or by making a Rule 68 offer of judgment which would moot the
> individual claim. *Id.* Courts, however, have rejected a "placeholder" motion for
> class certification. *Id.*

*Id*. at *2.

This Court shall deny Plaintiff's Motion for Class Certification without prejudice because

the motion is premature and there is neither a procedural rule nor any Sixth Circuit authority that

allows for the filing of such premature, "placeholder motions."

## II.    Defendants' Joint Motion To Dismiss Based On The Mootness-By-Unaccepted-Offer-Of-Judgment Theory

Defendants' Joint Motion to Dismiss raises the issue of whether the Court should enter

judgment in favor of the named Plaintiff and dismiss this action under the mootness-by-

unaccepted-offer-of-judgment theory.

Through a Rule 68 offer of Judgment, Defendants offered the named Plaintiff in this case

a judgment that would provide him all the relief (or more so)[2] that he could individually obtain in this action.  Again, Defendants have been doing this frequently of late in TCPA and other cases, to "pick off" the named Plaintiff and avoid having a class certified.

This Court followed binding Sixth Circuit authority in three TCPA cases it previously had before it (*Marchesney*, *Compressing Engineering*, and *APB Associates*).  In those three cases, this Court followed *O'Brien v. Ed Donnelly Enters. Inc.,* 575 F.3d 567, 574 (6th Cir. 2009), entered judgment in favor of the named Plaintiffs, and dismissed those three cases as moot.

But the issue of whether an unaccepted Rule 68 offer of judgment can moot a named plaintiff's claims in a putative class action is a hotly contested issue – and it is one that we will have more guidance on in the near future.

In *Genesis*, the plaintiff filed a collective action under the Fair Labor Standards Act. *Genesis Healthcare Corporation v. Symcyzk*, 133 S.Ct. 1523 (2013).  The district court dismissed the action for lack of subject matter jurisdiction after the employee ignored the defendant's offer of judgment that would have satisfied her own claims.  The Third Circuit reversed and remanded but the Supreme Court granted certiorari to "resolve whether such a case is justiciable when the lone plaintiff's individual claim becomes moot."  *Id*. at 1527.  The majority noted that there was a circuit split on whether an unaccepted offer moots a plaintiff's

---

[2]Although it does not appear that attorney fees are authorized under the TCPA (*see* 47 U.S.C. § 227 *et seq*.; *Klein v. Vision Lab Telecom., Inc*., 399 F. Supp.2d 528, 542 (S.D. N.Y. 2005) (noting absent explicit congressional authorization, attorney fees are generally not recoverable and noting that the TCPA makes no provision for an award of attorneys' fees), Defendants' Offer of Judgment offers to pay Wasvary's reasonable attorneys' fees accrued through the date of acceptance.

claim but concluded the plaintiff had waived the issue below and by not including it as an issue presented. The majority therefore "assume[d] without deciding, that [defendant's] Rule 68 offer mooted [plaintiff's] individual claim." *Id*. at 1529. The majority then addressed the issue of whether a FLSA action remains jusiticable based on the collective-action allegations in her complaint when her individual claim is moot.

Writing a dissent that three other justices signed on to, Justice Kagan criticized the majority's assuming without deciding the primary issue in the case stating it "resolves an imaginary question, based on a mistake the courts below made about this case and others like it." *Id*. at 1532. The dissent called the Third Circuit's ruling that the defendant's unaccepted offer mooted the plaintiff's individual claim "wrong, wrong, and wrong again." *Id*. at 1533. The dissent then gave a persuasive explanation as to why that theory is wrong and outright cautioned courts of appeal not to follow it:

> We made clear earlier this Term that "[a]s long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. ——, ——, 133 S.Ct. 1017, 1023, 185 L.Ed.2d 1 (2012) (internal quotation marks omitted). "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Ibid*. (internal quotation marks omitted). By those measures, an unaccepted offer of judgment cannot moot a case. When a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief. An unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect. As every first-year law student learns, the recipient's rejection of an offer "leaves the matter as if no offer had ever been made." *Minneapolis & St. Louis R. Co. v. Columbus Rolling Mill*, 119 U.S. 149, 151, 7 S.Ct. 168, 30 L.Ed. 376 (1886). Nothing in Rule 68 alters that basic principle; to the contrary, that rule specifies that "[a]n unaccepted offer is considered withdrawn." Fed. Rule Civ. Proc. 68(b). So assuming the case was live before—because the plaintiff had a stake and the court could grant relief—the litigation carries on, unmooted.

8

> For this reason, Symczyk's individual claim was alive and well when the
> District Court dismissed her suit. Recall: Genesis made a settlement offer under
> Rule 68; Symczyk decided not to accept it; after 10 days, it expired and the suit
> went forward. Symczyk's individual stake in the lawsuit thus remained what it
> had always been, and ditto the court's capacity to grant her relief. After the offer
> lapsed, just as before, Symczyk possessed an unsatisfied claim, which the court
> could redress by awarding her damages. As long as that remained true,
> Symczyk's claim was not moot, and the District Court could not send her away
> empty-handed. *So a friendly suggestion to the Third Circuit: Rethink your
> mootness-by-unaccepted-offer theory. And a note to all other courts of appeals:
> Don't try this at home.*
>
> To this point, what I have said conflicts with nothing in the Court's opinion. The
> majority does not attempt to argue, à la the Third Circuit, that the unaccepted
> settlement offer mooted Symczyk's individual damages claim. Instead, the
> majority hangs its hat on a finding of waiver. *See ante,* at 1528, 1532. The
> majority notes—correctly—that Symczyk accepted the Third Circuit's rule in her
> briefs below, and also failed to challenge it in her brief in opposition to the
> petition for certiorari; she contested it first in her merits brief before this Court.
> That enables the majority to "assume, without deciding," the mootness of
> Symczyk's individual claim and reach the oh-so-much-more-interesting question
> relating to her proposed collective action.

*Id.* at 1533-34 (italics added for emphasis).

While the majority did not address the issue in *Genesis*, due to waiver, it appears that the

Court will address the issue head-on next term.  That is because the Supreme Court recently

granted certiorari in *Gomez v. Campbell-Ewald Co.*, and will be reviewing the Ninth Circuit's

ruling that a named plaintiff's failure to accept an offer of judgment did not render the class

action moot.  *Campbell-Ewald Co. v. Gomez*, 135 S.Ct. 2311 (May 18, 2015).  The Supreme

Court may well affirm in that case and formally reject the mootness-by-unaccepted-offer theory.

But that case will not be decided by the Supreme Court until the 2016 term.

Following Justice Kagan's dissent in *Genesis*, several Courts of Appeal have issued

decisions ruling that an unaccepted offer of full relief to a named plaintiff in a putative class

action does not moot named plaintiff's individual claim or the putative class action. *See, e.g., Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698 (11th Cir. 2014); *Tanasi v. New Alliance Bank*, 786 F.3d 195 (2d Cir. 2015).

But because the Sixth Circuit has not issued a decision modifying its position on the issue, judges in this district have felt constrained to follow existing Sixth Circuit precedent, despite the persuasiveness of the dissent in *Genesis*.

For example, in *Sebestyen*, Judge Patrick Duggan found that a defendant's Rule 68 offer of judgment to the named plaintiff in a putative class action rendered the action moot. *Sebestyen v. Leikin, Ingber & Winters, P.C.*, 2015 WL 1439881 (E.D. Mich. March 27, 2015). Judge Duggan concluded that he was bound by Sixth Circuit precedent on the issue:

> Irrespective of the persuasive value of Justice Kagan's dissent, the Sixth Circuit has, as discussed above, decided the issue, holding that an unaccepted offer of judgment, such as the Offer made here, can moot a case. *O'Brien*, 575 F.3d at 574. This Court lacks the authority to render a decision contrary to the holdings of the Sixth Circuit absent such precedent being overturned by the Supreme Court itself.

*Id.* at * 7.

This same issue was raised in *Mey*, a putative class action before Judge Denise Page Hood. *Mey v. North American Bancard, LLC*, 2014 WL 6686773 (E.D. Mich. 2014). In *Mey*, Judge Hood entered judgment on the named plaintiff's individual claims, and dismissed the entire action, based on the defendant's unaccepted Rule 68 offer of judgment. Like Judge Duggan, Judge Hood concluded that she was bound to do so by the Sixth Circuit's rulings in *O'Brien* and other cases. *Id*. at * 3.

The plaintiff in *Mey* appealed Judge Hood's rulings. Notably, in that appeal (Appeal No.

10

14-2574), the Sixth Circuit will address the following issues:  1) "Where the named plaintiff in a not-yet-certified class action rejects a Rule 68 offer that would have provided her with the maximum damages she could receive on her individual claim, does the offer render her individual claim moot and require entry of judgment in her favor?" and 2) "Where the named plaintiff in a not-yet-certified class action rejects a Rule 68 offer that would have provided her with the maximum damages she could received on her individual claim, does the offer deprive the court of subject-matter jurisdiction over claims asserted on behalf of a class?" (Statement of the Issues Presented in Appellant's brief in Appeal No. 14-2574).  The Sixth Circuit was scheduled to hear oral argument in *Mey* on August 5, 2015.  Shortly before the hearing, however, the parties were notified that oral argument was being adjourned and would be rescheduled at a later date.

        Given the current status of this issue in the Sixth Circuit, this Court concludes that, despite the persuasiveness of the dissent in *Genesis*, it is bound to follow *O'Brien* and grant Defendants' motion.

        In *O'Brien*, the Sixth Circuit has held that an unaccepted offer of judgment, such as the offer of judgment here, can moot a case.  *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d at 574 (6th Cir. 2009).  In that case, the Sixth Circuit held that "a Rule 68 Offer can be used to show that the court lacks subject-matter jurisdiction.  *See Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir. 1999) (an offer of judgment that encompasses the relief claimed 'eliminates a legal dispute upon which federal jurisdiction can be based,' because '[y]ou cannot persist in suing after you've won')."  *Id*. at 574.  The Sixth Circuit explained "[w]e agree with the Seventh Circuit's view that an offer of judgment that satisfies a plaintiff's entire demand

11

moots the case." *O'Brien*, 575 F.3d at 574.  It "disagree[d], however with the Seventh Circuit's view that a plaintiff loses outright when he refuses an offer of judgment that would satisfy his entire demand." *Id*. at 575.  "Instead, we believe the better approach is to enter judgment in favor of the plaintiffs in accordance with the defendants' Rule 68 offer of judgment, as the district court did in this case." *Id*.

Accordingly, under *O'Brien*, where the defendant has offered a Rule 68 offer of judgment that satisfies a plaintiff's entire demand, the district court should enter judgment in favor of the plaintiff in accordance with the Rule 68 offer of judgment and dismiss the case as moot.

Thus, this Court must consider whether Defendants' Offer of Judgment satisfies Wasvary's entire demand.

The TCPA provides for statutory damages of $500 per violation, or $1,500 per violation if the Court determines the conduct was willful or intentional.  Because Wasvary alleges that he received four different texts from Defendants, Wasvary's maximum damages are $2,000 or, if the Court determines the conduct was willful or intentional, $6,000.  Defendants' Offer of Judgment offers Wasvary $6,010.00 in statutory damages.   (Defs.' Offer of Judgment at 2).  Thus, it offers $10.00 more than Wasvary could obtain in statutory damages.

Defendants' Offer of Judgment also offered to "submit to an injunction prohibiting them from taking part in any activity that violates" the TCPA.  Thus, Defendants offer to submit to any injunctive relief that Wasvary could obtain in this action.  Defendants' Offer of Judgment also states that Defendants agree to pay Plaintiff's costs.

Finally, although it does not appear that attorney fees are authorized under the TCPA (*see*

12

47 U.S.C. § 227 *et seq*.; *Klein v. Vision Lab Telecom., Inc*., 399 F. Supp.2d 528, 542 (S.D. N.Y. 2005) (noting absent explicit congressional authorization, attorney fees are generally not recoverable and noting that the TCPA makes no provision for an award of attorneys' fees), Defendants' Offer of Judgment offers to pay Wasvary's reasonable attorneys' fees. Specifically, the Offer of Judgment states that Defendants agree to pay Plaintiff's "reasonable" "attorneys' fees accrued through the date of acceptance, in an amount to be determined by the Court . . ." (Defs.' Offer of Judgment at 2).

This Court concludes that Defendants' Rule 68 Offer of Judgment in this case provides Wasvary with all relief that he sought as an individual plaintiff, and all the relief that he could potentially obtain in this action (or more) with respect to his individual claim. Accordingly, under *O'Brien,* this Court will enter judgment in his favor, in accordance with the monetary damages, injunctive relief, and attorney fees/costs provisions of the Rule 68 offer of judgment and dismiss this case as moot.

**CONCLUSION & ORDER**

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion for Class Certification is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Dismiss is **GRANTED IN PART.**   The motion is **GRANTED** only to the extent that the Court shall enter judgment in Plaintiff's favor, in accordance with Defendants' Rule 68 Offer of Judgment, and shall dismiss this case as moot.

The Court further **ORDERS** Counsel for the parties to meet and confer, **in person**, no later than **September 21, 2015**, to: 1) determine if the parties can agree upon the amount of costs

13

and attorneys' fees that Plaintiff is entitled to and, if unable to reach such an agreement, discuss

a proposed procedure and schedule for presenting those issues for the Court's determination; and

2) determine if the parties can agree on the form of the final judgment in this action, given the

Court's rulings in this Opinion & Order.

      **IT IS FURTHER ORDERED** that the parties shall appear for Status Conference on

**September 28, 2015, at 2:00 P.M.** to discuss these issues.

      **IT IS SO ORDERED.**

                                        S/Sean F. Cox_____
                                        Sean F. Cox
                                        United States District Judge

Dated:  September 2, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on
September 2, 2015, by electronic and/or ordinary mail.

                                        S/Jennifer McCoy_____
                                        Case Manager