# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK WASVARY, individually and as the
representative of a class of similarly-situated
persons,

      Plaintiff,

v.

WB HOLDINGS, LLC f/k/a AIRTIME
TRAMPOLINE PARK TROY, LLC and
f/k/a AIRTIME TRAMPOLINE & GAME
PARK, AIRTIME TRAMPOLINE LLC
d/b/a AIRTIME TRAMPOLINE & GAME
PARK and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME HOLDINGS, LLC
d/b/a AIRTIME TRAMPOLINE & GAME
PARK and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME I, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME II, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME, and
MICHIGAN AIRTIME III, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME,
      Defendants.

Judge Sean F. Cox
Case No.  2:15-cv-10750-SFC-APP

**DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES
TO PLAINTIFF'S CLASS
ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

---

Phillip A. Bock
James M. Smith
BOCK & HATCH, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
(312) 658-500
*Attorneys for Plaintiff*

David H. Fink (P28235)
Darryl Bressack (P67820)
FINK + ASSOCIATES LAW
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
*Attorneys for Defendants*

---

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

NOW COMES Defendants, by and through its attorneys Fink + Associates Law, and for its Answer to Plaintiff's Class Action Complaint, hereby states as follows:

1.     This case challenges Defendants' practice of sending unsolicited advertisements to consumers by text message in violation of federal law.

**ANSWER: Defendants deny this allegation to the extent it implies that Defendants have a practice of sending unsolicited advertisements to consumers by text message in violation of federal law.**


2.     Defendants have harmed consumers by sending these text messages, not only because consumers were subjected to the aggravation that accompanies unsolicited wireless spam, but also because many consumers pay to receive text messages.

**ANSWER: Defendants deny this allegation because it is untrue.**


3.     Defendants' unsolicited text messages violated the TCPA, which prohibits automated, unsolicited text and voice calls to cell phones.

**ANSWER: Defendants deny this allegation because it is untrue.**

2

4.     On behalf of himself and all others similarly-situated, Plaintiff seeks statutory damages for each violation of the TCPA.

**ANSWER: Defendants deny this allegation to the extent it implies that Defendants violated the TCPA.**

5.     Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA, a federal statute.

**ANSWER: Defendants admit this allegation.**

6.     Personal jurisdiction exists in Michigan because Defendants have transacted business and made or performed contracts substantially connected with the State.

**ANSWER: Defendants admit this allegation.**

7.     Venue is proper in the Eastern District of Michigan because Defendants committed a statutory tort within this District, Plaintiff resides in this District, and a significant portion of the events took place in this District.

**ANSWER: Defendants deny that they committed a statutory tort within this district but admit that venue is proper in the Eastern District of Michigan.**

3

8.     Plaintiff is an individual who resides in Troy, Michigan.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.**

9.     Defendant WB Holdings is a Wyoming limited liability company. On information and belief, WB Holdings has its principal place of business in Troy, Michigan.

**ANSWER: Defendants admit this allegation.**

10.     Defendant Airtime Trampoline is a Michigan limited liability company.

**ANSWER: Defendants admit this allegation.**

11.     Defendant Michigan Airtime is a Michigan limited liability company.

**ANSWER: Defendants admit this allegation.**

12.     Defendant Michigan Airtime I is a Michigan limited liability company.

**ANSWER: Defendants admit this allegation.**

13.     Defendant Michigan Airtime II is a Michigan limited liability company.

**ANSWER: Defendants admit this allegation.**

14.    Defendant Michigan Airtime III is a Michigan limited liability company.

 **ANSWER: Defendants admit this allegation.**

15.    On information and belief, Defendants comprise an organization of companies who own and operate several indoor trampoline parks in Michigan under the assumed names "Airtime Trampoline & Game Park" and "Michigan Airtime."

**ANSWER: Defendants deny this allegation because it is untrue.**

16.    Text messaging is a common method of sending (or "texting") short messages to and from cellular phones using the Short Messenger Service ("SMS"). Texting is available on most cellular phones.

**ANSWER: Defendants admit that text messaging consists of sending (or "texting") short messages to and from cellular phones using the Short Messenger Service ("SMS") but lack knowledge or information sufficient to form a belief as to the truth of whether it is a common method or whether texting is available on most cellular phones.**

5

17.    The most common form of texting is person-to-person messaging. However, text messages may also be used by automated systems to facilitate the ordering of products and services from cellular phones or for participating in contests or other marketing programs.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of whether the most common form of texting is person-to-person messaging but admit that text messages may also be used by automated systems.**

18.    Businesses continually seek cost-effective ways to mass market their goods and services. The popularity of cellular phones and texting has created a marketing opportunity for businesses whose telemarketing efforts are limited by restrictions on telephone, facsimile, and email solicitations.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of this allegation.**

19.    Unlike conventional advertising, text message advertising requires the use of technology (cellular phones) owned and paid for by the text message

recipients. Text message recipients often incur a charge for each incoming text message regardless of whether the message was authorized.

**ANSWER: Defendants deny this allegation because it is untrue.**

20.     Defendants caused mass transmissions of text messages to cellular phone users—including Plaintiff and members of the putative Class—to promote their indoor trampoline parks.

**ANSWER: Defendant WB Holdings, LLC denies this allegation as to itself because it is untrue. The remaining Defendants admit that some phone users, including Plaintiff, received text messages but deny the remainder of the allegation.**

21.     On August 22, 2014, at 12:24 p.m., Defendants, or someone acting on their behalf, sent the following text message to Plaintiff's cellular phone:



**ANSWER: Defendant WB Holdings, LLC denies this allegation as to itself because it is untrue. The remaining Defendants admit that they contracted with a third-party vendor to market indoor trampoline parks to individuals who consented to receive marketing materials but lack knowledge or information sufficient to form a belief as to the truth of whether this is a screenshot of a text message sent to Plaintiff's phone.**

22.     On January 26, 2015, at 9:10 a.m., Defendants, or someone acting on their behalf, sent the following text message to Plaintiff's cellular phone:



**ANSWER: Defendant WB Holdings, LLC denies this allegation as to itself because it is untrue. The remaining Defendants admit that they contracted with a third-party vendor to market indoor trampoline parks to individuals who consented to receive marketing materials but lack knowledge or information sufficient to form a belief as to the truth of whether this is a screenshot of a text message sent to Plaintiff's phone.**

23.     On February 4, 2015, at 10:28 a.m., Defendants, or someone acting on their behalf, sent the following text message to Plaintiff's cellular phone:



**ANSWER: Defendant WB Holdings, LLC denies this allegation as to itself because it is untrue. The remaining Defendants admit that they contracted with a third-party vendor to market indoor trampoline parks to individuals who consented to receive marketing materials but lack knowledge or information sufficient to form a belief as to the truth of whether this is a screenshot of a text message sent to Plaintiff's phone.**

24.     On February 4, 2015, at 10:28 a.m., Defendants, or someone acting on their behalf, sent the following text message to Plaintiff's cellular phone:



**ANSWER: Defendant WB Holdings, LLC denies this allegation as to itself because it is untrue. The remaining Defendants admit that they contracted with a third-party vendor to market indoor trampoline parks to individuals who consented to receive marketing materials but lack knowledge or information sufficient to form a belief as to the truth of whether this is a screenshot of a text message sent to Plaintiff's phone.**

 

25.    Screenshots of the text messages Plaintiff received are attached as Exhibit A.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of whether these are screenshots of the text messages Plaintiff received.**

26.    Plaintiff did not expressly invite or permit Defendants to send advertising material, including the text messages contained in Exhibit A, to his cellular phone by text message.

**ANSWER: Defendants deny this allegation because it is untrue.**

27.    Plaintiff brings this lawsuit as a class action on behalf of himself and all other similarly-situated persons as members of the putative Class (the "Class"). The Class is initially defined as follows:

> All cellular telephone account holders with a cellular telephone number to which a text message was sent advertising the commercial availability of Defendants' property, goods, or services without their prior express invitation or permission to receive advertisements by text message.

**ANSWER: Defendants deny this allegation.**

28.    Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

**ANSWER: Defendants deny this allegation.**

29.    This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23.  This action satisfies the numerosity, commonality, typicality, and adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the Class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

**ANSWER: Defendants deny this allegation.**

30.    **Numerosity/Impracticality of Joinder:** On information and belief, the Class is so numerous that joinder of all Class members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendants' records or the records of third parties. On information and belief, the Class includes at least 40 persons.

**ANSWER: Defendants deny this allegation.**

31.    **Ascertainability:** The Class is clearly defined based on objective criteria, permitting Class members to be identified. On information and belief, the

13

members of the Class may be identified from Defendants' records or the records of third parties.

**ANSWER: Defendants deny this allegation.**

32.   **Commonality and Predominance:** There is a well-defined community of interest among the Class members and common questions of law and fact predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another and may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

a.   Whether Defendants' automated text messages or calls— including those contained in Exhibit A—contained material advertising the commercial availability of any property, goods, or services;

b.   Whether Defendants' conduct is governed by the TCPA;

c.   Whether Defendants' automated text message telephone calls, including those contained in Exhibit A, violated the TCPA;

d.   Whether the Class members are entitled to statutory damages;

e.      Whether Defendants should be enjoined from sending future text message advertisements in violation of the TCPA;

f.      Whether Defendants violated the TCPA knowingly or willfully; and

g.      Whether the Class members are entitled to trebled statutory damages.

**ANSWER: Defendants deny this allegation.**


33.      **Typicality:** Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the other Class members received text message advertisements from Defendants without first providing their express invitation or permission. Under the facts of this case, because the focus is on Defendant's conduct, if Plaintiff prevails on his claims, then the Class members must necessarily prevail as well.

**ANSWER: Defendants deny this allegation.**


34.      **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because his interests do not conflict with the interest of the Class

members he seeks to represent. Plaintiff has retained financially able attorneys who are competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. See Group Exhibit B. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

**ANSWER: Defendants deny this allegation.**

35.   **Superiority:** A class action is the superior method for the fair and efficient adjudication of this lawsuit because individual litigation of each Class members' claims would be economically infeasible and procedurally impracticable. The individual damages incurred by each Class member as a result of Defendants' wrongful conduct are too small to warrant the expenses of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation the court system would be unduly burdened by individual litigation of such cases. Individual Class members do not have a significant interest in controlling the prosecution of separate actions. Furthermore, individualized litigation would create the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  Plaintiff foresees no difficulty in the management of this action as a class

16

action. The Class members and their damages may be determined based upon information maintained by or available to Defendant.

**ANSWER: Defendants deny this allegation.**

36.     Plaintiff brings claim on behalf of himself and the putative Class pursuant to the TCPA.

**ANSWER: Defendants admit that Plaintiff purports to bring a claim on behalf of himself and the putative Class pursuant to the TCPA but denies that Plaintiff states a valid claim.**

37.     Plaintiff incorporates the preceding paragraphs as though fully alleged herein.

**ANSWER: No answer is necessary.**

38.     The TCPA provides in pertinent part as follows:

(b)     Restrictions on use of automated telephone equipment

(1)     Prohibitions

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –

(A)   to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
. . .

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

[47 U.S.C. § 227 (b) (1) (A) (iii).]

**ANSWER: Defendants deny this allegation because the TCPA speaks for itself.**

39.   Defendants sent unsolicited commercial text calls using an automated telephone dialing system or an artificial and prerecorded message to Plaintiff's and the Class's cellular telephone numbers.  Exhibit A.

**ANSWER: Defendants deny this allegation because it is untrue.**

40.   Defendants sent these text calls without obtaining the prior express consent of the called parties, including Plaintiff.

**ANSWER: Defendants deny this allegation because it is untrue.**

41.   Defendants knew or should have known that they lacked the recipients' express consent to send these text calls.

18

**ANSWER: Defendants deny this allegation because it is untrue.**

42.    Defendants violated the TCPA by sending these text calls to Plaintiff and the Class without first obtaining their prior express consent.

**ANSWER: Defendants deny this allegation because it is untrue.**

43.    As a result of Defendants' illegal conduct, Plaintiff and Class members suffered damages and are entitled to a minimum of $500.00 for each violation of the TCPA.  47 U.S.C. § 227 (b) (3) (B).

**ANSWER: Defendants deny this allegation because it is untrue.**

44.    If the Court determines that Defendants' conduct was willful or knowing, then it should treble the statutory damages. 47 U.S.C. § 227 (b) (3) (C).

**ANSWER: Defendants deny this allegation because it is untrue.**

45.    The Court should enjoin Defendants from sending future text messages without the recipients' prior express consent.

**ANSWER: Defendants deny this allegation because it is untrue.**

## DEFENDANTS' AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT

1. Failure to state a claim;

2. Failure to state a plausible claim;

3. License;

4. Assumption of risk;

5. Prior consent;

6. Waiver;

7. Release;

8. Plaintiff gave permission for Defendants to contact him for commercial purposes;

9. Fraud;

10. Illegality;

11. Fraud in the inducement;

12. Unclean hands;

13. False pretenses;

14. The proposed class fails to comply with Fed. R. Civ. P. 23;

15. Plaintiff is not a proper class representative for the proposed class on whose behalf he purports to bring a class claim;

16.     Defendants did not willfully or knowingly violate the TCPA;

17.     Plaintiff does not have Article III standing to bring this claim;

18.     Defendants did not cause Plaintiff or the putative class any concrete

harm;

19.     Defendants gave Plaintiff everything he requested and Plaintiff's

entire claim was fully satisfied;

20.     Accord and satisfaction.

Dated: April 5, 2016                    Respectfully Submitted,


                                        **FINK + ASSOCIATES LAW**

                                        */s/ Darryl Bressack*
                                        David H. Fink (P28235)
                                        Darryl Bressack (P67820)
                                        ***Attorneys for Defendants***
                                        38500 Woodward Ave., Suite 350
                                        Bloomfield Hills, Michigan 48304
                                        Tel: (248) 971-2500
                                        Fax: (248) 971-2600
                                        dfink@finkandassociateslaw.com
                                        dbressack@finkandassociateslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2016, I electronically filed the foregoing paper with the Clerk of the court using the ECF system which will send notification of such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: */s/ Darryl Bressack*
Darryl Bressack (P67820)
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI  48304
(248) 971-2500
dbressack@finkandassociateslaw.com