## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK WASVARY, individually and as the
representative of a class of similarly-situated
persons,

       Plaintiff,

v.

WB HOLDINGS, LLC f/k/a AIRTIME
TRAMPOLINE PARK TROY, LLC and
f/k/a AIRTIME TRAMPOLINE & GAME
PARK, AIRTIME TRAMPOLINE LLC
d/b/a AIRTIME TRAMPOLINE & GAME
PARK and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME HOLDINGS, LLC
d/b/a AIRTIME TRAMPOLINE & GAME
PARK and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME I, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME II, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME, and
MICHIGAN AIRTIME III, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME,
       Defendants.

Judge Sean F. Cox
Case No.  2:15-cv-10750-SFC-APP

**DEFENDANTS' MOTION
TO DISMISS PURSUANT
TO FED. R. CIV. P.  12(b)(1)**

---

**BOCK & HATCH, LLC**
Phillip A. Bock
James M. Smith
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
(312) 658-5500
*Attorneys for Plaintiff*

**FINK + ASSOCIATES LAW**
David H. Fink (P28235)
Darryl Bressack (P67820)
Isaac S. Sternheim (P77634)
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
*Attorneys for Defendants*

---

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)**

Defendants WB HOLDINGS, LLC f/k/a AIRTIME TRAMPOLINE PARK TROY, LLC and f/k/a AIRTIME TRAMPOLINE & GAME PARK, AIRTIME TRAMPOLINE LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME HOLDINGS, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME I, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME II, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, and MICHIGAN AIRTIME III, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME (collectively "Defendants"), hereby move for dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

The factual and legal support for this Motion are set forth in the accompanying Brief in Support.

Pursuant to Local Rule 7.1(a), there was a conference between attorneys in which the movant explained the nature of the Motion and its legal basis and requested, but did not obtain, concurrence in the relief sought.

WHEREFORE, Defendants respectfully request that this Court enter an order dismissing the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

Dated: July 12, 2016                    Respectfully Submitted,


                                        **FINK + ASSOCIATES LAW**

                                        */s/ Darryl Bressack*
                                        David H. Fink (P28235)
                                        Darryl Bressack (P67820)
                                        Isaac S. Sternheim (P77634)
                                        *Attorneys for Defendants*
                                        38500 Woodward Ave., Suite 350
                                        Bloomfield Hills, Michigan 48304
                                        Tel: (248) 971-2500
                                        Fax: (248) 971-2600
                                        dfink@finkandassociateslaw.com
                                        dbressack@finkandassociateslaw.com
                                        isternheim@finkandassociateslaw.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

MARK WASVARY, individually and as the
representative of a class of similarly-situated
persons,

      Plaintiff,

v.

WB HOLDINGS, LLC f/k/a AIRTIME
TRAMPOLINE PARK TROY, LLC and
f/k/a AIRTIME TRAMPOLINE & GAME
PARK, AIRTIME TRAMPOLINE LLC
d/b/a AIRTIME TRAMPOLINE & GAME
PARK and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME HOLDINGS, LLC
d/b/a AIRTIME TRAMPOLINE & GAME
PARK and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME I, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME,
MICHIGAN AIRTIME II, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME, and
MICHIGAN AIRTIME III, LLC d/b/a
AIRTIME TRAMPOLINE & GAME PARK
and d/b/a MICHIGAN AIRTIME,

      Defendants.

Judge Sean F. Cox
Case No.  2:15-cv-10750-SFC-APP

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION
TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(b)(1)**

---

**BOCK & HATCH, LLC**
Phillip A. Bock
James M. Smith
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
(312) 658-5500
*Attorneys for Plaintiff*

**FINK + ASSOCIATES LAW**
David H. Fink (P28235)
Darryl Bressack (P67820)
Isaac S. Sternheim (P77634)
38500 Woodward Ave, Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
*Attorneys for Defendants*

---

iv

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ...........................................................................v

STATEMENT OF THE ISSUES PRESENTED .................................. vii

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ......................... viii

INDEX OF AUTHORITIES................................................... ix

INTRODUCTION .............................................................................1

RELEVANT PROCEDURAL HISTORY ................................................2

ARGUMENT ..................................................................................3

I.   THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1) BECAUSE THIS CASE WAS RENDERED MOOT AS A RESULT OF DEFENDANTS' PAYMENT ...........................................................3

   A.  Standard of Review .........................................................4

   B.  Defendants' Payment Provides Plaintiff All Relief Requested........................5

   C.  The Supreme Court Stated That *Gomez* Does not Apply Where the Moving Party made an Actual Payment.............................................................6

   D.  In The Sixth Circuit, Where a Plaintiff's Entire Demand is Satisfied, the Case is Mooted .................................................................................8

   E.  Plaintiff's Return of the Check Does not Affect the Mootness of His Claims.....................................................................................13

II.  THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1) BECAUSE WASVARY DID NOT ALLEGE A PARTICULARIZED CONCRETE HARM, BUT RATHER A MERE PROCEDURAL VIOLATION OF THE TCPA...........................................14

   A.  Standard of Review .......................................................14

   B.  Plaintiff Does Not Have Article III Standing Because the Complaint Alleges a Procedural Violation Without a Particularized Concrete Injury........................15

CONCLUSION ..................................................................................................18

## **STATEMENT OF THE ISSUES PRESENTED**

Does the Plaintiff lack Article III standing as a result of Defendants' payment for all relief requested?

Defendants Answer:        Yes

Plaintiff Answers:         No


Does the Plaintiff lack Article III standing because he did not allege a particularized concrete injury?

Defendants Answer:        Yes

Plaintiff Answers:         No

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

**Cases**

*Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016), *as revised* (Feb. 9, 2016)

*O'Brien v. Ed Donnelly Enters. Inc.,* 575 F.3d 567 (6th Cir. 2009) *abrogated on other grounds by Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 193 L. Ed. 2d 571 (2016)

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), *as revised* (May 24, 2016)

*Mey v. North American Bancard, LLC,* No. 14-2574, 2016 WL 3613395 (6th Cir. July 6, 2016)

**Statutes**

47 U.S.C. § 227

**Rules**

Fed. R. Civ. P. 68

# INDEX OF AUTHORITIES

## Cases

*Bais Yaakov of Spring Valley v. ACT, Inc.*, No. 4:12-CV-40088-TSH, 2016 WL 2733104 (D. Mass. May 10, 2016) ......................................................................12

*Bais Yaakov of Spring Valley v. Graduation Source, LLC,* No. 14-CV-3232 (NSR), 2016 WL 872914 (S.D.N.Y. Mar. 7, 2016) ...........................................................12

*Bais Yaakov of Spring Valley, on behalf of itself & all others similarly situated, Plaintiff, v. Varitronics, LLC, Defendant.*, No. CV 14-5008 ADM/FLN, 2016 WL 1735815 (D. Minn. May 2, 2016)................................................................12

*Boynton v. Headwaters, Inc.,* 564 F. App'x 803 (6th Cir. 2014) ............................14

*Brady v. Basic Research, L.L.C.,* No. 13CV7169SJFARL, 2016 WL 1735856 (E.D.N.Y. May 2, 2016) ......................................................................................12

*Bridging Communities, Inc. v. Top Flite Fin., Inc.,* No. 09-14971, 2016 WL 1388730 (E.D. Mich. Apr. 6, 2016).....................................................................12

*California v. San Pablo & Tulare R. Co.,* 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893) ........................................................................................................7

*Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016), as revised (Feb. 9, 2016) ...1

Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013) .17

*Cleveland Branch, N.A.A.C.P. v. City of Parma, OH,* 263 F.3d 513 (6th Cir. 2001) ......................................................................................................................14

*DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 126 S. Ct. 1854, 1861, 164 L. Ed. 2d 589 (2006).....................................................................................................14

*Epps v. Wal-Mart Stores, Inc.,* 307 F.R.D. 487 (E.D. Ark. 2015)...........................12

*Erie v. Pap's A.M.,* 529 U.S. 277, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) ...........5

*Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).......................................................16

*Genesis Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013) .5

*Gray v. Kern,* No. CV WMN-13-2270, 2016 WL 1446751 (D. Md. Apr. 13, 2016) ..................................................................................................12

*Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935 (8th Cir.2012)................................12

*Klein v. Vision Lab Telecom., Inc.,* 399 F. Supp.2d 528 (S.D. N.Y. 2005)..............5

*Knox v. Serv. Employees Int'l Union, Local 1000,* 132 S. Ct. 2277, 183 L. Ed. 2d 281 (2012)................................................................................................5

*Lary v. Rexall Sundown, Inc.,* 74 F. Supp. 3d 540 (E.D.N.Y. 2015)........................5

*Lewis v. Continental Bank Corp.,* 494 U.S. 472, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)................................................................................................4

*Leyse v. Lifetime Entm't Servs., LLC,* No. 13 CIV. 5794 (AKH), 2016 WL 1253607 (S.D.N.Y. Mar. 17, 2016) ..................................................................12

*Little v. Bowers,* 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016 (1890) ......................7

*Mey v. North American Bancard, LLC,* No. 14-2574, 2016 WL 3613395 (6th Cir. July 6, 2016)................................................................................................9

*O'Brien v. Ed Donnelly Enters. Inc.,* 575 F.3d 567 (6th Cir. 2009)........................3

*Price v. Berman's Auto., Inc.,* No. 14-763-JMC, 2016 WL 1089417 (D. Md. Mar. 21, 2016) ................................................................................................12

*RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125 (6th Cir.1986) ........4

*Robins v. Spokeo, Inc.,* 742 F.3d 409 (9th Cir. 2014).............................................16

*S. Orange Chiropractic Ctr., LLC v. Cayan LLC,* No. CV 15-13069-PBS, 2016 WL 1441791 (D. Mass. Apr. 12, 2016)................................................................12

*San Mateo County v. Southern Pacific R. Co.,* 116 U.S. 138, 6 S.Ct. 317, 29 L.Ed. 589 (1885)................................................................................................7

*Shaun Fauley, Individually & as the representative of a class of similarly situated persons, Plaintiff, v. Royal Canin U.S.A., Inc., & John Does 1-10, Defendants.,* No. 15 C 2170, 2016 WL 2766286 (N.D. Ill. May 13, 2016) ..............................12

*Spencer v. Kemna,* 523 U.S. 1, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998).................4

*Spokeo, Inc. v. Robins,* 136 S. Ct. 1540 (2016), as revised (May 24, 2016) ............2

*United States v. Ritchie,* 15 F.3d 592 (6th Cir.1994)..................................................4

**Statutes**

47 U.S.C. § 227 et seq..................................................................................................5

**Rules**

Fed. R. Civ. P. 68 ........................................................................................................2

## **INTRODUCTION**

Plaintiff Mark Wasvary's ("Wasvary") Complaint for alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for two distinct reasons.

First, Defendants' actual payment mooted Plaintiff's claim. On February 1, 2016, Defendants sent to Plaintiff's counsel: (1) a cashier's check in the amount of $6,010.00 made payable to Wasvary and (2) a signed Stipulation and Order allowing Plaintiff to obtain the injunction he claims to seek. (Exhibit 1). Because Defendants' payment to Wasvary was for the full amount of the requested relief, this case is rendered moot. As held in the recent Supreme Court decision in *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663 (2016), *as revised* (Feb. 9, 2016) (Exhibit 3), an actual payment (as was made here) renders a claim moot. In *Gomez,* the Supreme Court held that an unaccepted offer of judgment does not moot a claim because "[u]nder basic principles of contract law, [the defendant's] settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." *Id.* at 670 (citation omitted). However, the Supreme Court expressly limited its holding to unaccepted offers of judgment where the offeror had not made an actual payment. *Id.* at 672. Here, Defendants' payment for the full amount requested by Plaintiff.

Second, Plaintiff lacks Article III standing because he does not allege a particularized concrete injury; rather, he merely alleges a procedural violation of a

1

federal statute without risk of actual harm in the future. According to another recent Supreme Court opinion, this is not enough to confer Article III standing. The mere allegation of a violation of a privacy statute is insufficient to establish Article III standing, because "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), *as revised* (May 24, 2016) (Exhibit 4). Also, the injury "must affect the plaintiff in a personal and individual way." *Id.* at 1543.

## RELEVANT PROCEDURAL HISTORY

On March 2, 2015, Wasvary filed this putative class action, asserting claims against Defendants under the TCPA. (Docket No. 1).

On June 1, 2015, pursuant to Fed. R. Civ. P. 68, Defendants filed and served an offer of judgment offering to: (1) pay Plaintiff $6,010.00; (2) pay Plaintiff's reasonable costs and attorneys' fees in an amount to be determined by the Court; and (3) submit to an injunction prohibiting Defendants from engaging in any activity that violates the TCPA. (Docket No. 13). Plaintiff did not accept the offer within fourteen days and it was deemed withdrawn. Consequently, the offer became an "unaccepted" offer of judgment. *See* Fed. R. Civ. P. 68(b).

Defendants filed a Motion to Dismiss, arguing, *inter alia,* that Sixth Circuit precedent required entry of a judgment for Plaintiff as set forth in Defendants' offer of judgment, rendering Plaintiff's case moot. (Docket No. 15).

2

On September 2, 2015, this Court granted the Motion to Dismiss, ruling that judgment would enter in Plaintiff's favor. The Court held that entry of judgment rendered the case moot. (Docket No. 32) (citing, *inter alia, O'Brien v. Ed Donnelly Enters. Inc.,* 575 F.3d 567, 574 (6th Cir. 2009).

On October 22, 2015, this Court entered an Order Staying Proceedings, staying the case until the *Gomez* case was decided. (Docket No. 36). On January 20, 2016, the Supreme Court issued its decision in *Gomez.*

On February 1, 2016, Defendants sent Wasvary, via his counsel: (1) a cashier's check in the amount of $6,010.00 made payable to Plaintiff Mark Wasvary and (2) a Stipulation and Order Regarding Preliminary Injunction Against Defendants signed by Defendants' counsel with consent to allow Plaintiff to file the document with this Court. (Exhibit 1). On February 9, 2016, Plaintiff's counsel returned the cashier's check. (Exhibit 2).

On March 21, 2016, this Court lifted the stay and vacated its prior order granting Defendants' Motion to Dismiss based upon their Rule 68 Offer of Judgment. (Docket No. 42).

## **ARGUMENT**

I. **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1) BECAUSE THIS CASE WAS RENDERED MOOT AS A RESULT OF DEFENDANTS' PAYMENT**

3

### A.      Standard of Review

Federal courts are conferred with subject matter jurisdiction by Article III of the U.S. Constitution. U.S. Const. art. III, § 2. Jurisdiction is limited to "cases" and "controversies." *Id.* In order to have a case or controversy, a litigant "must continue to have a 'personal stake in the outcome' of the lawsuit" throughout its pendency. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). A plaintiff always bears the burden of demonstrating that a court has jurisdiction over the subject matter. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir.1986) (citation omitted).

A factual attack to subject-matter jurisdiction "is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.1994). On such a motion, "no presumptive truthfulness applies to the factual allegations, [] and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citation omitted).

"If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016), as revised (Feb. 9, 2016) (quoting *Genesis*

*Healthcare Corp. v. Symczyk,* 133 S. Ct. 1523, 1528, 185 L. Ed. 2d 636 (2013)). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union, Local 1000,* 132 S. Ct. 2277, 2287, 183 L. Ed. 2d 281 (2012) (quoting *Erie v. Pap's A.M.,* 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000) (internal quotes omitted)).

### B.    Defendants' Payment Provides Plaintiff All Relief Requested

Plaintiff's Complaint seeks a Judgment in the amount of $500.00 – $1,500.00 in damages for each alleged violation of the TCPA and an injunction prohibiting Defendants from engaging in the statutory violations alleged. On February 1, 2016, Defendants sent to Plaintiff's counsel: (1) a cashier's check[1] in the amount of $6,010.00 made payable to Wasvary, which represents $1,502.50 for each of the four alleged unsolicited text messages, and (2) a signed Stipulation and Order Regarding Preliminary Injunction, allowing Plaintiff to obtain the injunction he claims to seek.[2]

---

[1] Both a cashier's check and a certified check guarantee available funds upon deposit. A cashier's check however adds an extra level or protection and is more equivalent to cash because the bank itself takes the responsibility to fund it while payment on a certified check comes from the account holder's funds.

[2] Although the Complaint also seeks relief "[t]hat the Court award all other relief that it deems just and proper," this Court, in its Opinion & Order (Docket No. 32) (*vacated on other grounds*), stated that "it does not appear that attorney fees are authorized under the TCPA (*see* 47 U.S.C. § 227 *et seq.*; *Klein v. Vision Lab Telecom.,* Inc., 399 F. Supp.2d 528, 542 (S.D. N.Y. 2005) (noting absent explicit congressional authorization, attorney fees are generally not recoverable and noting that the TCPA makes no provision for an award of attorneys' fees)." See *also Lary v. Rexall Sundown, Inc.,* 74 F. Supp. 3d 540, 553 (E.D.N.Y. 2015).

(Exhibit 1). As a result of the payment, Plaintiff no longer retains a personal interest in the outcome of the lawsuit. As such, the case should be dismissed as moot.

### C. The Supreme Court Stated That *Gomez* Does not Apply Where the Moving Party made an Actual Payment

In *Gomez,* the Supreme Court held, among other things*,* that the plaintiff's complaint "was not effaced by [the defendant's] unaccepted offer to satisfy his individual claim." *Gomez* at 665. The Court explained that "[u]nder basic principles of contract law … [the] settlement bid and Rule 68 offer of judgment, once rejected, had no continuing efficacy." *Id.* at 665.

Importantly, the Supreme Court limited *Gomez* to the circumstances of that case where the plaintiff remains emptyhanded after the offer of judgment expires and stands wholly unsatisfied. *Id.* at 672. Regarding this limitation, the Court stated that it was not deciding "whether the result would be different if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 672. Chief Justice Roberts and Justice Alito, in separate dissents, also seized on this distinction. Chief Justice Roberts noted that the majority recognizes that "an *offer* of complete relief is insufficient to moot a case" but "[t]he majority does not say that *payment* of complete relief leads to the same result." *Id.* at 683 (Roberts, C.J., dissenting). Continuing with this theme, Justice Alito affirmed that a defendant could moot a case by "pay[ing] over the money" sought by the plaintiff, either by

6

"hand[ing] the plaintiff a certified check" or by depositing the requisite funds "in a bank account in the plaintiff's name" or with the registry of the court. Id. at 684 (Alito, J., dissenting). This would ensure the defendant "ma[d]e good on [its] promise" to pay. *Id.* at 680 (Roberts, C.J., dissenting). As Justice Alito notes, the reason why an unaccepted offer of judgment does not moot the claim is because perhaps the offer is from a "[1] defendant that has no intention of actually paying the promised sums, or [2] from a defendant whose finances are so shaky that it cannot produce the necessary funds. In both instances, there is a question whether the defendant will back up its offer to pay with an actual payment." *Id.* at 683. In the present matter, because the plaintiff was presented with a cashier's check[3] fully satisfying his claims, these two concerns are not present.

Indeed, the majority distinguished three nineteenth-century railroad tax cases[4] by explaining that those defendants did not merely offer to pay the amounts in question, but actually made payment to the plaintiffs[5], thereby extinguishing the claims. *Id.* at 671. In contrast to the railroad tax cases, "when the settlement offer

---

[3] While Justice Alito in his dissent discusses the use of a certified check, a cashier's check has the same effect because it is a cash equivalent for which there is no concern that there will be insufficient funds on deposit. (See footnote 1).

[4] *California v. San Pablo & Tulare R. Co.,* 149 U.S. 308, 13 S.Ct. 876, 37 L.Ed. 747 (1893), *Little v. Bowers,* 134 U.S. 547, 10 S.Ct. 620, 33 L.Ed. 1016 (1890), and *San Mateo County v. Southern Pacific R. Co.,* 116 U.S. 138, 6 S.Ct. 317, 29 L.Ed. 589 (1885).

[5] Either by depositing the funds in a bank into an account in the plaintiff's name or making an actual payment to the plaintiff.

[defendant] extended to [plaintiff] expired, [plaintiff] remained emptyhanded; his TCPA complaint, which [defendant] opposed on the merits, stood wholly unsatisfied." *Id.* at 671-672. Here, just as in the railroad cases, Defendants made complete payment to Wasvary. Unlike *Gomez*, Wasvary was not left "emptyhanded"; rather, he was paid the maximum he could have received after years of litigation and received an injunction as requested. The "offer" of payment did not expire because payment was actually made.

### D. In The Sixth Circuit, Where a Plaintiff's Entire Demand is Satisfied, the Case is Mooted

In *O'Brien v. Ed Donnelly Enters. Inc.,* the Sixth Circuit held "that an offer of judgment that satisfies a plaintiff's entire demand moots the case" because the plaintiff lacks a justiciable case or controversy under Article III of the Constitution. *O'Brien* at 574. In order to have a case or controversy, a litigant "must continue to have a 'personal stake in the outcome' of the lawsuit" throughout its pendency. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998) (citation omitted). Where payment is actually made to the plaintiff, the plaintiff no longer has a personal stake in the outcome of the lawsuit. *O'Brien* remains good law where full payment is made to a plaintiff.

As the Supreme Court made clear in *Gomez*, the holding was limited to an unaccepted offer of judgment – the specific vehicle used in the attempt to satisfy Gomez's demand – and does not apply to a situation, like here, where a defendant

8

satisfied a plaintiff's entire demand. In other words, the deficiency in *Gomez* was that the offer of judgment expired after fourteen days and had no continuing efficacy under contract law, leaving the plaintiff emptyhanded. Here, the fact that payment in the full amount was actually made means Plaintiff's entire demand was satisfied and the underlying premise of *O'Brien* applies – when a plaintiff's entire demand is satisfied he or she lacks Article III standing.

The Sixth Circuit's recent decision in *Mey v. North American Bancard, LLC*, No. 14-2574, 2016 WL 3613395, at *1 (6th Cir. July 6, 2016) (Exhibit 5) appears to confirm that the logic articulated in *O'Brien* continues to apply in the Sixth Circuit. Full payment to a plaintiff causes the plaintiff to lack Article III standing; if the plaintiff is a putative class representative, the class claims are dismissed with the plaintiff's claims. In *Mey*, the plaintiff appealed the district court's decision entering judgment in accordance with the defendant's offer of judgment for complete relief, as was consistent with *O'Brien*. While the *Mey* appeal was pending, the Supreme Court decided *Gomez*. In light of *Gomez*, the defendant mailed the plaintiff a cashier's check in the amount of $4,500 ($1,500 for each of three calls placed to the plaintiff). The plaintiff, a putative class representative, returned the check.

In its opinion, the Sixth Circuit acknowledged that *Gomez* was "inconsistent with our decision in *O'Brien*[], in which we held that an unaccepted Rule 68 offer moots a plaintiff's individual claims so long as it satisfies the plaintiff's 'entire

9

demand.'" *Mey* at *3. The *Mey* court stated that "[i]n light of [*Gomez*], it is clear that the district court's decision to enter judgment for Mey was in error because the rejected offer left Mey with nothing, and thus in no way diminished her interest in litigating her claims." *Id.* The *Mey* court, however, identified the new distinction between the facts of the *Mey* case and *Gomez* – that the defendant made payment to the plaintiff. The court noted that the defendant "argues that because the [*Gomez*] Court drew a distinction between 'offering' funds, which does not moot a plaintiff's claim, and 'tendering' funds, which does, [defendant's] act of sending Mey a cashier's check is a tender that moots Mey's claims." *Id.*

The *Mey* court did not directly decide whether defendant was right that, after *Gomez,* an actual payment of the full amount demanded could moot a claim or whether plaintiff was right that the entirety of Sixth Circuit precedent had been overturned. Instead, the court chose to not upset the pre-*Gomez* line of Sixth Circuit cases and decided the case on other grounds. The court concluded that [e]ven if we assume that an unaccepted cashier's check could moot a claim, [defendant] has not shown that its tender satisfies Mey's demand for relief, which the tender must do if it is to moot Mey's individual claims." *Id*. In *Mey,* there remained a question of fact as to how many calls defendant had made to the plaintiff, therefore there remained a question of fact as to the amount necessary to fully pay Mey's claims. Moreover, the defendant in *Mey* had not agreed to the requested injunctive relief. In other

10

words, the court concluded that there was insufficient evidence to determine whether

the defendant in *Mey* had made payment for all of the relief requested. The court

stated:

> The upshot is that at this point, whether $4,500 provides Mey with all
> the relief she is entitled to remains unclear. That lack of clarity means
> that NAB cannot show that Mey has received all of the money damages
> she has claimed. *Cf. Keim v. ADF Midatl., LLC*, 586 F. App'x 573, 574
> (11th Cir. 2014) (holding that because the "record does not show how
> many messages the named plaintiff received," an offer of judgment of
> $1,500 per message could not moot a plaintiff's claim since "there was
> still work to be done to get the case to the finish line"). Equally
> problematic is that a tender of $4,500 does nothing to satisfy Mey's
> request for injunctive relief.

*Id*. Here, there is no open question of fact. Wasvary alleges – and Defendants' admit

– that Wasvary received four text messages. Defendants paid Wasvary $6,010.00,

the full amount to which he could possibly be entitled. Wasvary sought injunctive

relief. Defendants agreed to the injunctive relief.

In *Mey,* the Sixth Circuit could have overturned *O'Brien* and the line of

opinions based on that precedent. The court chose not to do so. The logic underlying

continues to stand. Where a plaintiff's claim is fully satisfied, they do not have

Article III standing. As the *Mey* court noted, the *Gomez* Court had itself drawn a

distinction between cases where "payments had fully satisfied the asserted [] claims,

and so extinguished them" and cases like *Gomez* where the "plaintiff 'remained

emptyhanded' after he rejected the defendant's settlement offer, which confirmed

11

that the parties' controversy survived the rejected offer of judgment." *Id*. Here, Wasvary was not left "emptyhanded" – he received full payment

In addition to the Sixth Circuit, multiple district courts have also held post-*Gomez* that an actual payment moots a plaintiff's claims. See e.g. *Gray v. Kern,* No. CV WMN-13-2270, 2016 WL 1446751 (D. Md. Apr. 13, 2016); *S. Orange Chiropractic Ctr., LLC v. Cayan LLC,* No. CV 15-13069-PBS, 2016 WL 1441791 (D. Mass. Apr. 12, 2016); *Price v. Berman's Auto., Inc.,* No. 14-763-JMC, 2016 WL 1089417 (D. Md. Mar. 21, 2016); *Leyse v. Lifetime Entm't Servs.,* LLC, No. 13 CIV. 5794 (AKH), 2016 WL 1253607 (S.D.N.Y. Mar. 17, 2016). [6]

---

[6] Although other district courts in various circuits have held otherwise, those holdings are either based on the specific reasoning that Fed. R. Civ. P. 67 – the method attempted to pay the plaintiff – is an improper method to moot a claim (a method not used here by Defendants), or issued by a court in a circuit which held before *Gomez* that an offer of judgment cannot moot a claim (*See e.g. Bridging Communities, Inc. v. Top Flite Fin., Inc.,*, No. 09-14971, 2016 WL 1388730 (E.D. Mich. Apr. 6, 2016); *Shaun Fauley, Individually & as the representative of a class of similarly situated persons, Plaintiff, v. Royal Canin U.S.A., Inc., & John Does 1-10, Defendants.,* No. 15 C 2170, 2016 WL 2766286 (N.D. Ill. May 13, 2016); *Bais Yaakov of Spring Valley v. ACT, Inc.,* No. 4:12-CV-40088-TSH, 2016 WL 2733104 (D. Mass. May 10, 2016); *Brady v. Basic Research, L.L.C.,* No. 13CV7169SJFARL, 2016 WL 1735856 (E.D.N.Y. May 2, 2016); *Bais Yaakov of Spring Valley, on behalf of itself & all others similarly situated, Plaintiff, v. Varitronics, LLC, Defendant.,* No. CV 14-5008 ADM/FLN, 2016 WL 1735815 (D. Minn. May 2, 2016); *Bais Yaakov of Spring Valley v. Graduation Source, LLC,* No. 14-CV-3232 (NSR), 2016 WL 872914 (S.D.N.Y. Mar. 7, 2016). Although the Eighth Circuit held that where the defendant makes a Rule 68 offer of complete relief to the named plaintiff after the motion to certify has been denied the proper action is to enter judgment for the defendant, *Hartis v. Chicago Title Ins. Co.,* 694 F.3d 935 (8th Cir.2012), the court in *Epps v. Wal-Mart Stores, Inc.,* 307 F.R.D. 487, 495 (E.D. Ark. 2015) explained that the Eighth Circuit would conclude (before *Gomez*) that a defendant cannot moot

12

### E.      Plaintiff's Return of the Check Does not Affect the Mootness of His Claims

As discussed above, once Wasvary received payment, he no longer had a personal stake in the outcome of the lawsuit and his case was mooted. His refusal to accept payment has no effect – the claim remains moot. Wasvary's personal choice to return the money, does not let him game the system by continuing to pursue a claim despite the fact that he was paid the full amount he requested. However, if the Court concludes that Plaintiff avoided mootness by returning the money, Defendants are prepared and willing to resend the check and submit proof of the same to the Court. *Price v. Berman's Auto., Inc.,* No. 14-763-JMC, 2016 WL 1089417 (D. Md. Mar. 21, 2016) is instructive in such a scenario. In *Price*, the defendant in a Truth in Lending Act lawsuit sent the plaintiff a cashier's check equal to the amount at issue, which the defendant subsequently returned. *Id.* at *1. The court concluded that because actual payment effectively moots a plaintiff's claims, if the defendant reissues the check and refiles its motion together with proof of payment, the court would then dismiss the plaintiff's claims. *Id.* at *3. Alternatively, here, the Court could order Defendants to deposit the full amount recoverable with the Clerk of the Court, and upon receipt of proof of the same, enter judgment of that amount in favor

---

a claim before a class certification motion has been filed, unless there has been undue delay in filing a class certification motion.

13

of Plaintiff and dismiss the case as moot. *See Gray v. Kern,* No. CV WMN-13-2270, 2016 WL 1446751, at *5 (D. Md. Apr. 13, 2016).

## II. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1) BECAUSE WASVARY DID NOT ALLEGE A PARTICULARIZED CONCRETE HARM, BUT RATHER A MERE PROCEDURAL VIOLATION OF THE TCPA

### A. Standard of Review

"To satisfy Article III's standing requirements, a plaintiff must show: (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Boynton v. Headwaters, Inc.,* 564 F. App'x 803, 810 (6th Cir. 2014) citing (*Cleveland Branch, N.A.A.C.P. v. City of Parma, OH,* 263 F.3d 513, 523-24 (6th Cir. 2001)).

"[A] plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." *Spokeo, supra* at 1543. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Id.* at 1548 (citing *DaimlerChrysler Corp. v. Cuno,* 547 U.S. 332, 342, 126 S. Ct. 1854, 1861, 164 L. Ed. 2d 589 (2006)).

14

**B.** **Plaintiff Does Not Have Article III Standing Because the Complaint Alleges a Procedural Violation Without a Particularized Concrete Injury**

Wasvary lacks Article III standing because he fails to allege a particularized concrete harm. Although he alleges "many consumers pay to receive text messages," he does not allege that *he* paid to receive the text messages at issue in the case.[7] (Complaint ¶ 2). Under new Supreme Court precedent, this is fatal to the claim.

Until recently, when bringing a claim in the Sixth Circuit for a violation of a federal statute which allowed a private right of action, a party did not need to allege actual damages; merely alleging a particularized statutory violation was sufficient (*see* e.g. *Beaudry v. TeleCheck Servs., Inc.,* 579 F.3d 702, 705-06 (6th Cir. 2009) (ruling that the FCRA "permits a recovery when there are no identifiable or measurable actual damages")).

However, the Supreme Court has now overturned this line of reasoning, declaring that in order to obtain Article III standing, a plaintiff must allege a "concrete" harm – a harm that is "real" and not "abstract." *Spokeo* at 1548. The existence of a private right of action under a federal statute does not, alone, satisfy the "real" harm standard. *Id.* The "concreteness" element is in addition to the

---

[7] According to a 2015 study, almost 90% of Americans have unlimited texting and do not incur a charge for each individual text message. (See http://pages.instantcensus.com/blog/almost-90-of-americans-have-unlimited-texting).

requirement that an injury be "particularized," which means it "must affect the plaintiff in a personal and individual way." *Id.* In *Spokeo*, the plaintiff alleged that Spokeo, a people search engine, violated the Fair Credit Reporting Act ("FCRA") by reporting inaccurate information about the plaintiff. The Ninth Circuit, employing the same reasoning previously used in the Sixth Circuit, determined that the plaintiff had standing based on the allegation that Spokeo "violated *his* statutory rights" and because his "personal interests in the handling of his credit information are individualized rather than collective." *Robins v. Spokeo, Inc.,* 742 F.3d 409, 413 (9th Cir. 2014). The Ninth Circuit held it was not necessary for the plaintiff to allege actual harm as long as the injury was particularized – meaning *his* statutory rights were violated.

On May 16, 2016, the Supreme Court vacated the Ninth Circuit's ruling and held that "a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it. Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo* at 1543. The Supreme Court explained that "the injury-in-fact requirement requires a plaintiff to allege an injury that is both 'concrete and particularized.'" *Id.* at 1545 (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.,* 528 U.S. 167, 180–181, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). The Supreme Court determined that the Ninth Circuit erred in

16

ignoring the "concreteness" element, which requires that the plaintiff demonstrate that concrete harm "actually exist[s]" – a harm that is "'real,' and not 'abstract.'" *Id.* at 1548. "[A] bare procedural violation, divorced from any concrete harm," is insufficient to "satisfy the injury-in-fact requirement of Article III." *Id.* [8]

In the case at bar, Plaintiff alleges a mere procedural violation of a federal statute and fails to satisfy the "concreteness" element. He makes no allegation that he individually suffered real, rather than abstract harm. Plaintiff will likely argue that he satisfied the "concreteness" element by alleging that "consumers were subjected to the aggravation that accompanies unsolicited wireless spam .…" (Complaint ¶ 2)). However, the Complaint does not allege that *Plaintiff* was individually harmed in this manner – it refers generically to "consumers." Further, mere "aggravation" is insufficient to establish Article III standing. The Supreme Court in *Spokeo* remanded to the district court to decide whether the plaintiff satisfied the "concreteness" element noting that if Spokeo reported an individual's incorrect zip code, it would be "difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id*. at 1550. As in

---

[8] The Supreme Court stated that an intangible harm may satisfy the "concreteness" element, but only when there is a risk of real harm. *Id.* at 8. In support of this proposition, the Supreme Court cited its decision in *Clapper v. Amnesty Int'l USA,* which stated that "threatened injury must be certainly impending to constitute injury in fact, and that allegations of possible future injury" are not sufficient. 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013) (internal quotation marks omitted) (citation omitted).

*Spokeo,* it is difficult to conceive that the mere "aggravation" resulting from a few text messages is concrete enough to establish Article III standing. Simply put, Plaintiff did not suffer the type of injury that could give rise to Article III standing.

While the individualized statutory violations alleged here may have been enough to meet Article III standing under pre-*Spokeo* precedent, in a post-*Spokeo* world it is clear that Wasvary does not state a claim. His Complaint does not allege a particularized concrete injury as defined by the Supreme Court, and it is inconceivable that he can plausibly allege concrete harm under the facts here. As such, Wasvary does not have Article III standing and his Complaint should be dismissed.

## <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that this Court enter an order dismissing the Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(1).

Dated: July 12, 2016                    Respectfully Submitted,

**FINK + ASSOCIATES LAW**

*/s/ Darryl Bressack*
David H. Fink (P28235)
Darryl Bressack (P67820)
Isaac S. Sternheim (P77634)
*Attorneys for Defendants*
38500 Woodward Ave., Suite 350
Bloomfield Hills, Michigan 48304
Tel: (248) 971-2500

18

Fax: (248) 971-2600
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
isternheim@finkandassociateslaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2016, I electronically filed the foregoing paper

with the Clerk of the court using the ECF system which will send notification of

such filing to all counsel of record registered for electronic filing.

FINK + ASSOCIATES LAW

By: */s/ Isaac Sternheim*
Isaac S. Sternheim (P77634)
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
isternheim@finkandassociateslaw.com

19