UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark Wasvary, individually and as
the representative of a class of
similarly-situated persons,

    Plaintiff,

v.                                              Case No. 15-10750

WB Holdings, LLC, *et al.*,                    Sean F. Cox
                                          United States District Court Judge
    Defendants.
_____/

## ORDER REGARDING
## PENDING MOTION TO DISMISS
## AND IMPROPER BLANKET REQUEST FOR LEAVE TO AMEND

On March 2, 2015, Plaintiff filed this putative class action, asserting claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

On July 12, 2016, Defendants filed a "Motion to Dismiss," (Docket Entry No. 51), wherein they ask this Court to dismiss this action. Plaintiff filed a response in opposition to the motion on August 9, 2016. (Docket Entry No. 51). The motion has now been fully briefed by the parties and is scheduled to be heard by this Court on **November 17, 2016.**

In preparing for the hearing, however, this Court noticed that in the concluding paragraph of Plaintiff's response brief, Plaintiff states "should the Court find Plaintiff's complaint deficient in any way, Plaintiff requests leave to amend to correct any deficiencies." (*Id*. at Pg ID 713).

At this stage of the litigation, Plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "The party requesting leave to amend must 'act with due

1

diligence if it wants to take advantage of the Rule's liberality.'" *D.E. & J Limited P'ship v. Conway*, 284 F. Supp.2d 719, 751 (E.D. Mich. 2003) (quoting *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299,306 (6th Cir. 2000)).  Eastern District of Michigan Local Rule 15.1 further requires that a party who moves to amend a pleading must attach the proposed amend pleading to the motion.

Here, Plaintiff has not moved to file an amended complaint, nor has Plaintiff presented the Court with any proposed amended complaint.  Rather, in a single line in the closing paragraph of its brief in opposition to the pending Motion to Dismiss, Plaintiff asks that the Court grant it leave to amend "should the Court find Plaintiff's complaint deficient in any way."

The Sixth Circuit's "disfavor of a such a bare request in lieu of a properly filed motion for leave to amend was made clear in *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)." *Alliance for Children, Inc. v. City of Detroit Public Schools*, 475 F. Supp.2d 655, 669 (E.D. Mich. 2007).  What Plaintiff has stated, "almost as an aside," to this Court in his brief in opposition to the Motion to Dismiss is not the proper procedure for requesting leave to amend. *Begala,* 214 F.3d at 784; *see also Louisiana Sch. Emp. Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010).   "As the *Begala* decision stated in affirming a district court's dismissal of the plaintiff's complaint with prejudice:

> Had plaintiffs filed a motion to amend the complaint prior to th[e] Court's consideration of the motions to dismiss . . . the Court would have considered the motions to dismiss in light of the proposed amendments to the complaint ... Absent such a motion, however, Defendant was entitled to a review of the complaint as filed . . . *Plaintiffs were not entitled to an advisory opinion from the Court informing them of the deficiencies of the complaint* and then an opportunity to cure those deficiencies.

*Louisiana Sch. Emp. Ret. Sys.*, 622 F.3d at 486 (quoting *Begala*, 214 F.3d at 784) (emphasis in original).

Accordingly, the Court hereby **ORDERS** that if Plaintiff wishes to file an amended complaint, Plaintiff must file a formal motion seeking leave to do no later than **9:00 a.m. on November 14, 2016.** Any such motion must be accompanied by the proposed amended complaint.

If Plaintiff does not file such a motion, the Court shall proceed to hear and determine the pending Motion to Dismiss as scheduled, reviewing the Complaint as filed.

**IT IS SO ORDERED**.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 7, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 7, 2016, by electronic and/or ordinary mail.

S/Jennifer McCoy
Case Manager