# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK WASVARY, individually and as the representative of a class of similarly-situated persons, <br><br> Plaintiff, <br><br> v. <br><br> WB HOLDINGS, LLC f/k/a AIRTIME TRAMPOLINE PARK TROY, LLC and f/k/a AIRTIME TRAMPOLINE & GAME PARK, AIRTIME TRAMPOLINE LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME HOLDINGS, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME I, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME II, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, and MICHIGAN AIRTIME III, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, <br><br> Defendants. | Case No. 15-10750 <br><br> **CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED CLASS ACTION COMPLAINT *INSTANTER*

Plaintiff, Mark Wasvary ("Plaintiff"), through his attorneys, respectfully requests that the Court, pursuant to Fed. R. Civ. P. 15 (a) (2), Eastern District of Michigan Local Rule 15.1, and the Court's November 7, 2016 Order (Doc. 60),

enter an order granting him leave to file his First Amended Class Action Complaint, *instanter.*

Pursuant to Local Rule 7.1, Plaintiff reached out to Defendants on Friday November 11, 2013, indicating his desire to file this motion and amended complaint. But Plaintiff did not receive a response as to whether they object to the filing of this motion in time to comply with the court's deadline for filing.

Dated: November 13, 2016  Respectfully submitted,

MARK WASVARY, individually and as the representative of a class of similarly-situated persons,

By:  /s/ Phillip A. Bock
One of Plaintiff's attorneys

Phillip A. Bock
Tod A. Lewis
Christopher T. Tourek
BOCK, HATCH, LEWIS, & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Phil@bockhatchllc.com
Telephone: 312-658-5500
Fax: 312-658-5555

Jason Thompson
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900 Southfield, MI 48075 Telephone:
248/355-0300
jthompson@sommerspc.com

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK WASVARY, individually and as the representative of a class of similarly-situated persons, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WB HOLDINGS, LLC f/k/a AIRTIME TRAMPOLINE PARK TROY, LLC and f/k/a AIRTIME TRAMPOLINE & GAME PARK, AIRTIME TRAMPOLINE LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME HOLDINGS, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME I, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME II, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, and MICHIGAN AIRTIME III, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, )<br>)<br>Defendants. ) | Case No. 15-cv-10750<br><br>Hon. Sean F. Cox |

**PLAINTIFF'S BRIEF IN SUPPORT OF HIS MOTION FOR LEAVE TO FILE HIS FIRST AMENDED CLASS ACTION COMPLAINT *INSTANTER***

3

## STATEMENT OF ISSUE PRESENTED

1. Whether the Court should grant Plaintiff leave to file his first amended class action complaint *instanter*.

Plaintiff, Mark Wasvary ("Plaintiff"), through his attorneys, pursuant to Fed. R. Civ. P. 15 (a) (2), Eastern District of Michigan Local Rule 15.1, and the Court's November 7, 2016 Order (Doc. 60), moves for an order granting him leave to file his First Amended Class Action Complaint, *instanter*, and in support thereof states as follows:

Plaintiff filed his Class Action Complaint on March 2, 2015 in the Eastern District of Michigan, case no. 15-10750. (Doc. 1). On July 12, 2016, Defendants WB Holdings, LLC f/k/a Airtime Trampoline Park Troy, LLC and f/k/a Airtime Trampoline & Game Park ("WB Holdings"), Airtime Trampoline LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime ("Airtime Trampoline"), Michigan Airtime Holdings, LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime ("Michigan Airtime"), Michigan Airtime I, LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime ("Michigan Airtime I"), Michigan Airtime II, LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime ("Michigan Airtime II"), and Michigan Airtime III, LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime ("Michigan Airtime III") (collectively "Defendants") filed a "Motion to Dismiss" wherein they asked the Court to dismiss the action. (Doc. 51).

On August 9, 2016, Plaintiff filed a response in opposition to the motion to dismiss. (Doc. 55), and Defendants filed a reply brief on September 6, 2016 (Doc.

5

57). The motion has now been fully briefed by the parties and is scheduled to be heard by this Court on November 17, 2016. On November 7, 2016, the Court entered an Order Regarding Pending Motion to Dismiss and Improper Blanket Request for Leave to Amend. (Doc. 60). The Court therefore ordered Plaintiff, if he wished to amend his complaint, to file a formal motion seeking leave to amend its complaint no later than 9:00 a.m. on November 14, 2016. *Id.* at p. 3.

About a year after Plaintiff filed it's initial complaint in this action, the United States Supreme Court issued a much anticipated decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016). The *Spokeo* decision did not change the law of Article III standing and it does <u>not</u> affect Plaintiff's standing to pursue this action. *See Imhoff Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627 (6th Cir. 2015) (addressing concrete and particularized harms as required by *Spokeo*, Article III standing for a single TCPA violation); *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540 (6th Cir. 2014) (even one unsolicited fax "waste[s] recipients' time and impede[s] the free flow of commerce").[1]

---

[1] See also *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250–1251 (11th Cir. 2015) (same, but two violations; TCPA plaintiff "has Article III standing sufficient to satisfy the injury requirement because it has suffered a concrete and personalized injury in the form of the occupation of its fax machine for the period of time required for the electronic transmission of the data"); *Ira Holtzman, C.P.A. v. Turza,* 728 F.3d 682, 684 (7th Cir. 2013) (granting summary judgment to class of plaintiffs in unsolicited fax case); *Destination Ventures v. F.C.C.*, 46 F.3d 54, 57 (9th Cir. 1995) (upholding constitutionality of

However, a large number of post-Spokeo decisions across the country, including numerous cases decided after Plaintiff filed its response brief, have provided parties and the courts with additional guidance regarding the best way to plead both this TCPA text message case and other TCPA cases. See *Herrick v Qless, Inc.*, Case No. 15-cv-14092, Opinion and Order Denying Defendant's Motion To Dismiss Amended Complaint, (E.D. MI. October 26, 2016) (Levy, J.) (Exhibit B); *Lavigne v First Community Bancshares, Inc., et al*, Civil No. 1:15-cv-00934-WJ-LF, 2016 WL 6305992 (D. New Mexico, Oct. 19, 2016); *Cabiness v. Educational Financial Solutions, LLC*, Case No. 16-cv-01109-JST, 2016 WL 5791411 (N.D. Cal. Sept. 1, 2016); *Brodsky v. Humanadental Ins. Co.*, Case No. 1:10-cv-03233, 2016 WL 5476233 (N.D. Ill. Sept. 29, 2016); *Dolemba v. Illinois Farmers Ins. Co., et al*, No. 15 C 463, 2016 WL 5720377 (N.D. Ill. Sept. 30, 2016); *Juarez v Citibank, N.A.,* Case No. 16-cv-01984-WHO, 2016 WL 4547914, *2-3 (N.D. Cal. Sept. 1, 2016); *Hewlett v. Consolidated World Travel, Inc.*, Civ. No. 2:16-713 WBS AC, 2016 WL 4466536, *2-3 (E.D. Cal. Aug. 23, 2016); *Aranda v. Caribbean Cruise Line*, Case No. 12 C 4069, 2016 WL 4439935, *3-7 (N.D. Ill. Aug. 23, 2016); *Fauley v Drug Depot, Inc.*, No. 15 C 10735, 2016 WL

---

TCPA); *Owners Ins. Co. v. European Auto Works, Inc.*, 695 F.3d 814, 820 (8th Cir. 2012) (discussing the invasion of privacy, loss and of ink and paper and tying up of telephone lines caused by illegal fax advertising); *Missouri ex rel. Nixon v. Am. Blast Fax, Inc.,* 323 F.3d 649, 655 (8th Cir. 2003) (same).

4591831, *2-3 (N.D. Ill. Aug. 31, 2016); *Booth v. Appstack, Inc.*, 2016 WL 3030256, at *5–6 (W.D. Wash. May 25, 2016); *Cour v. Life360, Inc.*, 2016 WL 4039279, at *1 (N.D. Cal. July 28, 2016); *Rogers v. Capital One Bank (USA), N.A.*, 2016 WL 3162592, at *2 (N.D. Ga. June 7, 2016); *Mey v. Got Warranty, Inc.*, 2016 WL 3645195, at *3 (N.D. W.Va. June 30, 2016); *Caudill v. Wells Fargo Home Mtg., Inc.*, 2016 WL 3820195, at *2 (E.D. Ky. July 11, 2016); *Ung v. Universal Acceptance Corp.*, 2016 WL 4132244, at *2 (D. Minn. Aug. 3, 2016); *Krakauer v. Dish Network, LLC*, 1:14-cv-333, --- F.R.D. ---, 2016 WL 4272367 (M.D. North Carolina Aug. 5, 2016).

Numerous non-TCPA cases have also provided additional guidance. See *In re Nickelodeon Consumer Privacy Litig.*, --- F.3d ---, 2016 WL 3513782, at *7 (3d Cir. June 27, 2016); *Church v. Accretive Health, Inc.*, --- Fed. App'x ---, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016); *Thomas v. FTS USA, LLC*, 2016 WL 3653878, at *9–10 (E.D. Va. June 30, 2016); *Lane v. Bayview Loan Servicing, LLC*, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016); *Jaffe v. Bank of Am., N.A.*, --- F. Supp. 3d ---, 2016 WL 3944753, at *4 (S.D.N.Y. July 15, 2016); *Potocnik v. Carlson*, 2016 WL 3919950, at *2 (D. Minn. July 15, 2016); *Dickens v. GC Servs. Ltd. P'ship*, 2016 WL 3917530, at *1 (M.D. Fla. July 20, 2016); *Hawkins v. S2Verify*, 2016 WL 3999458, at *5 (N.D. Cal. July 26, 2016); *Guarisma v. Microsoft*, --- F. Supp. 3d ---, 2016 WL 4017196 (S.D. Fla. July 26,

8

2016); *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016); *Quinn v. Specialized Loan Serv., LLC*, 2016 WL 4264967, at *4 (N.D. Ill. Aug. 11, 2016); *Larson v. Trans Union, LLC*, 2016 WL 4367253, at *3 (N.D. Cal. Aug. 11, 2016); *Prindle v. Carrington Mortgage Services, LLC*, Case No. 3:13-cv-1349-J-34PDB, 2016 WL 4369424 (M.D. Florida Aug. 16, 2016).

Plaintiff has endeavored to follow the guidance that has been provided by numerous decisions handed down subsequent the filing of his initial complaint, including the *Spokeo* decision. Therefore, pursuant to the Court's November 7, 2016 Order, Fed. R. Civ. P. 15(a) (2), and Eastern District of Michigan Local Rule 15.1, Plaintiff respectfully requests leave to file his First Amended Class Action Complaint, attached as Exhibit A.

WHEREFORE, with leave of the Court and in the interest of justice, Plaintiff, Mark Wasvary, respectfully requests that the Court issue an order granting him leave to file his First Amended Class Action Complaint, *instanter*.

Dated: November 13, 2016         Respectfully submitted,

                                             MARK WASVARY, individually and as the representative of a class of similarly-situated persons,

                                             By:   /s/ Phillip A. Bock
                                             One of Plaintiff's attorneys

                                             Phillip A. Bock
                                             Tod A. Lewis
                                             Christopher T. Tourek

BOCK, HATCH, LEWIS, & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Phil@bockhatchllc.com
Telephone: 312-658-5500
Fax: 312-658-5555

Jason Thompson
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900 Southfield, MI 48075 Telephone: 248/355-0300
 jthompson@sommerspc.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on November 13, 2016, I caused the foregoing to be filed using the Court's CM/ECF system which automatically sends notification of such filing to all counsel of record.

                                              /s/ Phillip A. Bock