**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| MARK WASVARY, individually and as the representative of a class of similarly-situated persons,<br><br>PLAINTIFF,<br><br>V.<br><br>WB HOLDINGS, LLC f/k/a AIRTIME TRAMPOLINE PARK TROY, LLC and f/k/a AIRTIME TRAMPOLINE & GAME PARK, AIRTIME TRAMPOLINE LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME HOLDINGS, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME I, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME II, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, and MICHIGAN AIRTIME III, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME,<br><br>DEFENDANT. | Case No. 15-cv-10750<br><br>Hon. Sean F. Cox<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

**DECLARATION OF DOROTHY SUE MERRYMAN**

I, Dorothy Sue Merryman, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the following statements are true:

1. I have personal knowledge of the facts stated in this affidavit and can competently testify to the same.

2. I am a Project Manager for Class-Settlement.com ("Class Settlement").

3. Class Settlement provides claims administration services, including class notification, claims processing, and distribution services.

4. At the request of Plaintiff's counsel, I coordinated a subsequent distribution of the class Notice in this case by email and U.S. mail, and the processing of claims, and have knowledge of what work was performed.

5. Attached as Exhibit 1 is a copy of the Class Notice Class Counsel provided to me.

6. Class Counsel also provided me a list of 35,260 unique phone number records, as well as contact names, email addresses, and physical address information relating to some, but not all, of those records.

7. Class Counsel requested that I send Exhibit 1 to the unique records on the list for which an email address was available, and then by U.S. Mail for those numbers that were unreachable via email, as well as those with no email available, for whom an address was provided by the Defendant.

8. The Class List included 24,593 records with an email address. I added one test email address to the list to ensure the accuracy of the email broadcast.

9. On January 29, 2018, I caused Exhibit 1 to be sent by email to the 24,593 records contained in the list provided by Class Counsel and the test address.

10. Of the 24,593 email addresses, 20,431 were sent successfully and 4,162 failed. The test record was sent successfully.

11. At the conclusion of the notice by email, we generated a list of the 4,162 to which the email Notice was unsuccessful, as well as any address data associated with those records. We were able to acquire complete addresses for 3,889 records.

12. Class Counsel requested that we mail Notice to those records with available addresses, which were unreachable by email, as well as to the 10,664 records for which no email address was provide by the Defendant, after first comparing the resulting list against the U.S. Postal Service's National Change of Address (CASS/NCOA) database.

13. On or about January 30, 2018, I caused Exhibit 1 to be sent by U.S. Mail to the 14,553 addresses associated with did not receive or were not sent Notice via email, and for which address information was available.

14. As of April 9, 2018, Class-Settlement received no requests to opt out of the settlement, and no objections to the settlement.

Executed this __9th__ day of April, 2018.

_____
Dorothy Sue Merryman

# EXHIBIT 1

This is a notice of a lawsuit settlement.
You may benefit from this. Please read it carefully.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK WASVARY, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>WB HOLDINGS, LLC f/k/a AIRTIME TRAMPOLINE PARK TROY, LLC and f/k/a AIRTIME TRAMPOLINE & GAME PARK, AIRTIME TRAMPOLINE LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME HOLDINGS, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME I, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, MICHIGAN AIRTIME II, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME, and MICHIGAN AIRTIME III, LLC d/b/a AIRTIME TRAMPOLINE & GAME PARK and d/b/a MICHIGAN AIRTIME,<br><br>Defendants. | Case No. 15-cv-10750<br><br>Hon. Sean F. Cox<br><br>CLASS ACTION<br><br>DEMAND FOR JURY TRIAL |

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT WITH ATTACHED CLAIM FORM**

**TO:** All cellular telephone account holders with a telephone number to which at least one text message was sent in 2014 or 2015 advertising the commercial availability or quality of Defendants' property, goods, or services and sent without the recipient's prior express written consent, invitation or permission to receive advertisements by text message or without informing them such consent was not a condition of purchase. The term prior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

The Court ordered us to send you this Notice because your telephone number is contained on a list of numbers to which text messages were sent and you appear to be a member of the Settlement Class defined above.

A. **WHAT IS THIS LAWSUIT ABOUT?**
Plaintiff, Mark Wasvary ("Plaintiff") filed this class action lawsuit against WB Holdings, LLC f/k/a Airtime Trampoline Park Troy, LLC and f/k/a Airtime Trampoline & Game Park, Airtime Trampoline LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime, Michigan Airtime Holdings, LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime, Michigan Airtime I, LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime, Michigan Airtime II, LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime, and Michigan Airtime III, LLC d/b/a Airtime Trampoline & Game Park and d/b/a Michigan Airtime ("Defendants"), alleging that they violated the federal Telephone Consumer Protection Act ("TCPA") by sending unsolicited text messages. Defendants denied Plaintiff's allegations and raised defenses to Plaintiff's claims. The parties have agreed to settle all claims about text messages allegedly sent by or on behalf of Defendants in 2014 and 2015. This notice informs you of your rights as a member of the Settlement Class as defined above.

B. **WHAT IS THE PROPOSED SETTLEMENT?**
Defendants have created a total settlement fund of $75,000.00 (the "Settlement Fund") to pay valid class member claims, and other payments such as class action settlement administration costs, attorney's fees, costs, and expenses, and an incentive award to Plaintiff ("Other Payments"). Class members submitting a valid and timely claim will be their *pro rata* share of the Settlement Fund after those Other Payments.

The Court has preliminarily approved the proposed settlement, and certified the Settlement Class, defined above, subject to a final approval hearing that will occur on April 13, 2018, at 10:000 a.m., in Room 100 in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

**C.   WHAT ARE YOUR FOUR OPTIONS?**

1. **Submit a Proof of Claim (attached) to receive a check:** You must submit a Claim Form postmarked, faxed, or electronically via **www.class-settlement.com** within ninety (90) days after this Notice is sent, (on or before **April 30, 2018**) to be eligible to receive a settlement check.

2. **Do nothing:** You will be bound by the judgment and, if the Court approves the settlement, you will release your claims. You will not receive a settlement check if you do not submit a Claim Form.

3. **Opt out of the settlement:** You have the right to exclude yourself from both the class action and the settlement by mailing a written request for exclusion. Your request must be postmarked on or before March 30, 2018, and it must list your name, cellular phone number, street address, the name and number of this case, and it must state that you wish to be excluded (for example, "Exclude me from the Airtime Settlement."). Mail your exclusion request to the following attorneys, postmarked by that date, and they will notify the Court of your request:

   | For Class Counsel: | Defendant's Attorneys: |
   |---|---|
   | Phillip A. Bock | Darryl Bressack |
   | Bock, Hatch, Lewis & Oppenheim, LLC | Fink + Associates Law |
   | Attn.: Airtime Settlement | Attn.: Airtime Settlement |
   | 134 N. La Salle St., Ste. 1000 | 38500 Woodward Ave., Suite 350 |
   | Chicago, IL 60602 | Bloomfield Hills, MI 48226 |

4. **Object to the settlement:** If you wish to object to the settlement rather than excluding yourself, you must file a written objection with the Civil Clerk's Office, United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. Your objection must be postmarked by March 30, 2018, and must refer to the name and number of this case (*Wasvary v. WB Holdings, LLC et al.,* Case No. 15-CV-10750). You must also serve copies of your objection on Class Counsel and Defendant's attorney (at the addresses above), postmarked by the same date. Your objection must include your name, cellular phone number, street address, all attorneys who assisted you in the preparation and filing of your objection, a list of all other class action cases in which you or your counsel have filed objections to settlements, and a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class. It is not sufficient to simply state that you object; you must state the reasons why you believe the settlement should not be approved. Additionally, if you want the Court to consider your objection, then you must also appear at the final approval hearing in Room 100 in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226, on April 13, 2018, at 10:000 a.m. YOU ARE NOT REQUIRED TO ATTEND THIS HEARING UNLESS YOU OBJECT TO THE SETTLEMENT.

**D.   WILL THE COURT APPROVE THE SETTLEMENT?**

The Court will hold a final fairness hearing to decide whether to approve the settlement on April 13, 2018, at 10:000 a.m., in Room 100 in the United States District Court for the Eastern District of Michigan, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226. At that hearing, the Court will hear any timely and properly-filed objections and arguments about the settlement. You are **not** required to attend this hearing unless you object to the settlement. The hearing may be continued to a future date without further notice.

**E.   WHO REPRESENTS THE SETTLEMENT CLASS IN THIS LITIGATION?**

Plaintiff Mark Wasvary is the class representative. Plaintiff's attorneys have been appointed as Class Counsel. They are: Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC. These attorneys have litigated this matter on a contingency basis. As part of the settlement, Class Counsel will request that the Court award Plaintiff an incentive award of $2,500.00 for serving as the class representative and ask the Court to award Class Counsel attorneys' fees equal to one-third of the settlement fund for their legal services ($25,000.00), plus expenses also from the settlement fund. You will not have to pay any money to Class Counsel.

**F.   INQUIRIES:**

If you have specific questions, you can write to Class Counsel at one of the addresses listed above. Include the case number, your name, your cellular phone number, and your current street address on any correspondence. You may also call attorney Phillip A. Bock, one of the lawyers for the Class, at 312-658-5501.

Please do not contact the Clerk of the Court, the Judge, or the Judge's staff, because they cannot answer your questions or give you advice about this settlement.

**BY ORDER OF THE COURT - HONORABLE SEAN COX**

**PROOF OF CLAIM**
***Wasvary v. WB Holdings, LLC et al.*, Case No. 15-CV-10750**

Cellular Phone Number:

*You Must Complete All **THREE** Steps to Claim a Share of the Settlement Fund*:

1. **You Must Provide Your Contact Information.**

    Name: _____

    Company: _____

    Address: _____

    City/State/Zip Code: _____

    Cellular Phone Number(s): _____
    [List All Numbers]

2. **You Must Verify Ownership of the Cellular Phone Number(s) Listed in #1 above:**

    (a)  "I or my company was the subscriber to or primary user of the Cellular Phone number(s) listed above throughout the period from January 1, 2014 to December 31, 2015."

    _____
    (Sign your name here)

    **OR**

    (b)  "I or my company was/were **not** the subscriber to or primary user of the Cellular Phone number(s) listed above throughout the period from January 1, 2014 to December 31, 2015." Explain when you obtained the cellular phone number(s) listed in #1 above:

    _____

    _____

    _____
    (Sign your name here)

3. **You Must Return this Claim Form by April 29, 2018:**

    (a)  Fax this Claim Form to:

    **OR**

    (b)  Mail this Claim Form to:     Wasvary v Airtime
    Class-Settlement.com
    PO Box 9009
    Hicksville, NY 11802-9009

    **OR**

    (c)  Submit this claim form electronically at **www.class-settlement.com**:

    **Username:**                              **Password:**